UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY E. JEFFRIES )<br>  Plaintiff     )<br>           )<br>  v.         )<br>            )<br>LORETTA E. LYNCH,  )<br>ATTORNEY GENERAL,  )<br>U.S. DEPARTMENT OF JUSTICE )<br>  Defendant     ) | Civil Action No. 15-1007 (BAH) |

### DECLARATION OF JERRY R. GOLDSTEIN

  1. My name is Jerry R. Goldstein and I am counsel for the Plaintiff in this case.

  2. I am an adult and am fully competent to make this Declaration.

  3. I have personal knowledge of the facts stated herein, which are true and correct to the best of my knowledge, information, and belief.

  4. I am admitted to practice law in the State of Maryland and the District of Columbia and have been practicing law for over 42 years.

  5. The emphasis of my practice has been on employment cases for over 34 years. I have served twice as Chairperson of the Employment Law Section of the Bar Association of Montgomery County, served as Chairperson of the Labor and Employment Law Section Council of the Maryland State Bar Association, and am currently on the Board and the Treasurer of the Maryland Employment Lawyers Association. I am admitted to the Bars of the State of Maryland and the District of Columbia and to the Maryland and District of Columbia federal courts and have regularly handled litigation in all of those courts. I also handle federal employment matters and have appeared regularly

in administrative hearings and in federal and local courts in such cases.

      6. There has never been full discovery in this case, either in the EEOC or in this Court. Timothy Jeffries ("Jeffries") timely initiated separate EEO complaints regarding seven non-selections and several instances where he did not receive cash and time-off awards like his coworkers.  However, of necessity they were initiated at different times and the Reports of Investigation (ROIs) were completed at different times.  This meant that the cases reached the EEOC at different times and, unfortunately, the EEOC parceled the cases out to three different EEOC offices around the country for processing instead of keeping them all with one Administrative Judge in the Washington Field Office.  One was sent to the Philadelphia District Office, one was sent to the Dallas District Office, and the rest were sent to two different Administrative Judges in the Washington Field Office.

      7. Written discovery was undertaken in only the first case to reach the EEOC – EEOC No. 570-2012-01151X involving Agency No. OJP-2011-00737.  However, it did result in the production of documents about some of the other cases for which an EEOC hearing had been requested, but no Administrative Judge had yet been assigned.  No depositions or other discovery was undertaken because (a) the other cases were referred for settlement discussions by the Dallas and Washington Administrative Judges before any scheduling orders were issued, (b) no Administrative Judge was ever assigned in the Philadelphia case, (c) some of the cases were stayed to wait for the completion of the ROI in another one, and (d) it didn't make sense to take depositions of people who were involved in multiple selections while the ROIs dealing with some of those selections were

still in the process of being completed or had not even begun.

8. When it became apparent that the settlement efforts were not successful and it was going to be untenable and unnecessarily expensive to litigate the cases in three different forums, Plaintiff initiated this case in federal court alleging discrimination on the basis of race and/or sex and retaliation in violation of Title VII. The Defendant has now moved for judgment on the pleadings or, alternatively, for summary judgment prior to allowing Jeffries an opportunity to undertake any discovery other than the limited paper discovery he was able to undertake in the one case at the EEOC. The Defendant has attached numerous exhibits containing information outside the pleadings to its Motion, which means that it should be treated as a motion for summary judgment pursuant to F.R.Civ.P. Rule 12 (d), such that Jeffries should be permitted to conduct discovery in order to properly respond to the issues raised in the Motion.

9. The limited discovery which was conducted in the EEOC was incomplete and so were the ROIs. As discussed in Plaintiff's Motion to Conduct Discovery filed herewith, over 130 pages of the documents that the Defendant said it was producing were missing, as were the ROI affidavits of Denise O'Donnell, the Director of BJA, in four of the selections for which she was a selecting official, and the affidavit of Kristen Mahoney, in one of the selections in which she was a panelist. In some cases, the copies of the notes of the interviewers provided to the Plaintiff are missing or too faint to read, and the notes for Jeffries' interview are missing completely for one of the selections. See Ex. 5 attached to Plaintiff's Opposition to Defendant's Motion. Although the Agency counsel at the time promised to rectify these issues, it was never done, presumably for the

same reasons mentioned above that further discovery was not undertaken.

10. As discussed in Plaintiff's Opposition to Defendant's Motion, while there are already facts demonstrating why summary judgment is inappropriate, there are many ambiguous and unknown facts with respect to each of the non-selections and awards in issue which are essential to Jeffries' opposition to the Defendant's Motion, as well as to proving his case at trial.

11. For the reasons discussed in the attached Motion for Relief Under Rule 56(d), further discovery is needed as to all of the selections and awards in issue to demonstrate that the rationales asserted by the Defendant for not selecting Jeffries are pretext and the true reasons are discrimination and/or retaliation. Depositions of the persons involved in the selections are particularly needed to obtain information on irregularities involved in the selection process, exactly what occurred with respect to Jeffries' priority consideration, the interpretation of notes, how scores were determined for interviews, for resumes, for work histories, and for work experience, why changes in duties and/or grade were made in several of the positions, negative comments made about Jeffries outside of the selection processes, and special assignments given to several of the selectees shortly before their selections to enhance their qualifications, among other things. Deposition of Jeffries' first and second-level supervisors (Qazilbash and O'Donnell) are also needed regarding the issues with his performance and time-off awards.

12. There is also a need to take a Rule 30(b)(6) deposition regarding the long-term lack of African-American males in management/supervisory positions at BJA, the changes in duties and grade for several of the positions and the HR records regarding

those changes, the destruction of some of the records for the selections, the policies and procedures for selections at BJA, the issues involved in the awards for Jeffries, and the policies and procedures for making awards at BJA, among other things.

        /s /  **JERRY R. GOLDSTEIN**
        Jerry R. Goldstein (Bar No. 173690)

        Date:__12/1/15_____